Fisher, and I represent Jose Martinez de Loreal. The issue in the case is whether the objective facts of the record demonstrate that no officer could have a reasonable suspicion that the driver of the Ford Taurus in this case had violated a traffic law. The statute at issue in the case is an Arizona statute which requires a driver making a right-hand turn to make that right-hand turn as close to the curb or edge of the roadway on the right-hand side as practicable. The district court, at page 47 of the excerpts, interpreted the statute to require a turn into the closest right turn lane and then a movement over to the lane that you need to be in. That's not what the statute says. This statute provides an ability for drivers to respond to traffic and other things by including the language as close as practicable. Well, but that is what the statute says, as close as practicable, and we have the judge in the district court making what I think may be a finding of fact. The statute requires a right-hand turn to be made as close as practicable, the judge quotes the statute, to the right-hand curb or edge of the roadway. That did not happen. So why isn't that a finding of fact by the trial court that's subject to deference unless it's clearly erroneous? Well, Judge, I think when you read that finding in context, if you go down on that same page to line 13 through 15, you see the court indicated that she found the statute requires a turn into the closest right turn lane and then a movement over to the lane that you need to be in. So she's defining the statute to require that you cannot not turn into the right-hand curb lane. It says as close as practicable to the right-hand curb. It seems to me that the court found that this was not as close as practicable to the right-hand curb. That's true. That is what the district court found. Isn't that dispositive? No, Your Honor. I don't believe it is. Isn't your argument that it's what he did was the most practicable because of what he had to do after he left the road he was on and was going to go onto the road he was joining, he was going to have to cross several lanes. Therefore, that's the reason that he got into the left side of the exit ramp. That seemed to be what I got out of the briefs. That was my point. But the point is that the law is set for everyone coming off that road and not just for people who have to change over three lanes. Hence, the district judge's decision that you should stay right to the closest possible to the right-hand curb and then after you're into that turn, then if you want to get into the other lane, that's fine. But at that point, the violation had already occurred. That would be consistent, I think, with a statute that said you must always make a right-hand turn. Well, when it says you must do something, it doesn't necessarily have to have the word always in it in order to be effective, does it? No, but I think when reading this, the word practicable is what gives drivers flexibility. Well, if there was a snowbank there and you couldn't get, you know, it wasn't a full lane, you couldn't get that close to the curb, you would be excused. But if it's normal, under normal conditions, there's no obstruction there. There's nothing to make it impracticable to pull over alongside that curb as you're pulling off the road. Well, I understand your interpretation. And I suppose, you know, obviously it wouldn't be practicable to pull there if the lane was obstructed. But likewise, when you look at the photos, which are at page 59 and, I believe 58 and 60 in the excerpt, you can see that the driver, in order to execute the left-hand turn at the next intersection, has to cross four lanes of traffic to get into the fifth left-hand turn lane. Right. But he has 500 or 600 feet from the turn to do that. And if he makes the turn into the right-hand lane, he still has something like 250 feet to get to the left-hand turn. So your argument is, well, he needs to kind of scoot diagonally or something sideways across traffic immediately. Yes. But the law says as soon as practicable, and both the judge and I think the officer believed that it was easily practicable to make a turn and then move into the left-hand lane, didn't they? I believe that's what the district court found. And the officer cited him for it, believed he had violated that section. Right. But I think this Court is entitled to review that to see if that was a reasonable finding by an officer, that there had been a violation of the statute. Well, I mean, it seems to me to be, first, a legal interpretation in terms of something being practicable, meaning it doesn't mean that it has to be impossible or has to be a reasonable finding. I agree. This is not like Twilley and Lopez Soto. It's more like Mariscal. Right. And once the he, if he's not mistaken in his legal interpretation, but he makes a reasonable factual judgment supported by the district court, where's our leeway to do anything with that? I don't believe, when you look at it objectively, that this was a reasonable suspicion that this statute had been violated. When you look at everything in totality, the record doesn't support that. Do you wish to save your time to rebut? I will, Your Honor. Thank you. Okay. We'll hear from the other side. Good morning. My name is Michael Lee. I'm a special assistant United States attorney from the District of Arizona, representing that district, and I'm out of the Phoenix office. Does that mean you're a state prosecutor? I actually am a prosecutor from the City of Phoenix. City of Phoenix. That's correct. So you're cross-designated to function as a federal prosecutor on occasion? That is correct. All right. Go ahead. The reason we are here today is simply the interpretation of the statute, Arizona Traffic Statute 751.1, the correct method of making a right-hand turn. The district court made a determination that the officer had objectively reasonable facts and information before him that that statute had been violated. The district court ruled that because he had those facts, that he was allowed to make the stop that occurred, and that it was a constitutionally permissible stop for that reason. My opponent here has just indicated that there was no mistake in the legal interpretation. Therefore, there's no mariscal violation here whatsoever. As such, the officer did not mistake the law. He made the correct interpretation of the law. And by seeing a vehicle that shot across four lanes of traffic, never fully entering the rightmost lane as required by the statute, and not only not pulling into that lane, but by proceeding in that manner or fashion, simply to make a left-hand turn a tenth of a mile down the road, the officer had objectively reasonable facts and inferences, had a reasonable suspicion that he had violated that right-hand statute. As such, there was no violation of the Fourth Amendment that occurred at that time. When interpreting a statute, the express language of the statute controls, as was indicated in Laramie v. U.S. Trustee, a United States Supreme Court case that happened in 2004, it's well established that when a statute's language is plain, the sole function of the courts, at least, where the disposition required by the text is not absurd, is to enforce it according to its terms. The statute, by its very measure, the method and position of turning, in fact, I'll quote it, required position and method of turning for right turns. Both the approach to the right turn and the right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. As the district court found in this case, that just simply did not happen. District court used an example of whether, similar to the snow drift example, whether a bus was in that right-hand lane. That would make it so that if the person turned into that lane, that it was obstructed. The court indicated if there was a bus obstructing it, then they would need to move to the lane that is next as close to the right-hand lane. And as such... So it's your position that there was reasonable suspicion to stop the car and no constitutional right was violated? That's correct. And as such, the district court made a correct ruling. My opponent also seems to be suggesting that there should be some type of subjective test here, that because the driver of the Ford Taurus wanted to make a left-hand turn a tenth of a mile down the road, that somehow that should be taken into account, that somehow negates the plain language of the statute, or that somehow this didn't provide reasonable suspicion once the officer saw that left-hand turn was going to be made. There is no subjective test here. There is an objective one. The officer found objectively reasonable facts and inferences to set forth his reasonable suspicion. Thank you, counsel. Ms. Fisher, do you have any response? I think the word practicable makes this different than other cases. I think it makes it more like Maryskull, where the statute required a signal, but not in every circumstance, leaving to the discretion of the driver not to signal when it wouldn't affect other traffic. As I was preparing, I reread Terry v. Ohio and noticed in that the language the court used about having a search warrant, that being preferable whenever practicable. I think, to me, that sheds some light on the meaning of the word practicable, because it isn't always able, the police aren't always able to get a search warrant there. And why was it not practicable to turn close to the right-hand curb? Because the driver had to navigate these lanes of traffic to get into the left-hand turn lane. What do you mean, had to? Well, I just... I mean, it sounds like he was compelled to. Correct. He was not compelled to, but in order... Well, then he didn't have to. No. All right. Unless he wanted to make a left-hand turn at the next intersection, which is what he wanted to do. See, the problem is, I mean, everybody's done it. You make this beeline across traffic, but what you're supposed to do, and according to this, you turn practicable, you turn into the first lane, and you work your way over. He had 600 feet to do that. So he was neither compelled nor actually would it be safe to do what he did. That's why they have this statute. Yeah, but he just fired across all the lanes. Like a rocket ship across, you know, from here to the left-hand turn lane. And as far as I can tell from the record, nothing required him to do that. There was no snowbank or volcanic eruption or car in the way or bus or dead bodies or ambulances. He just shot across. Right, and I... So that's why I ask you what practicable means, and it seems like he just made a choice to cut across the lanes. Well, because my point, and I guess I'm not very clear about it, is for him to maneuver across the traffic as he needed to make his left turn. It was not practicable to turn into the right-hand lane, signal, get in the next lane. Well, why not? I mean, you say it wasn't, but he could turn into the lane. Then he could look in the rearview mirror. He had plenty of distance to go and then move over in a rational way looking behind him instead of shooting straight across like a rocket. If you look at the photos, you'll see it's a very short distance. There are a lot of vehicles in that photo. I'm not sure if you'll see the speed limit sign in that photo. I don't know if that's in evidence, but in order to move across, then he could have been impeding traffic, which is another violation. Well, but was he impeding traffic? I mean, it doesn't sound from the hearing that there was anything at all that suggests that he would have been impeding traffic to make the right-hand turn and then move across normally. There's nothing in the record one way or the other. I mean, he doesn't have a constitutional right to make a left-hand turn right there. In other words, if it doesn't work out because he would be a traffic hazard, maybe he's got to go to the next intersection. And your argument really rests on the fact that he has some right, so to speak, to make a left. What's the basis for that? Well, my client wasn't the driver, so I understand. Okay. But he's the victim, so to speak, of the driver. And I'm not sure if it's necessarily a right to make the left-hand turn. But he – I think it's compliance with the statute since they put in the word practicable. And I guess that's where we have apparently the dispute about how much leeway that gives the driver. Thank you. Thank you, counsel. The case just argued is order submitted. We'll get you a decision as soon as we can. And we'll call the next case, United States v. Robby Dale Ross. Thank you.
judges: Meskill, Trott, McKeown